FILED
DEC 13 2018
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE SEARCH OF

232 Whitman Lane, Inwood, West Virginia and a 2002 Chevrolet Suburban with Virginia Registration WMS9295, VIN: 1GNFK16Z82J232348

Case No. 3:18MJ123

UNDER SEAL

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, **Corporal M.S. Armel**, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1. Your affiant, Corporal M.S. Armel, has been a duly sworn member of the Jefferson County Sheriff's Department for seven years and was previously a member of the Fairmont Police Department for nearly four years. Corporal M.S. Armel has been assigned to the Eastern Panhandle Safe Streets Task Force ("EPSSTF") since September 2015. In that capacity Corporal M.S Armel is a Task Force Officer ("TFO") deputized by the Federal Bureau of Investigations ("FBI").

2. Your affiant received specialized training during the 16 week training program at the West Virginia State Police Basic Academy where a section of the course dealt with criminal investigations, drug identification, drug investigation techniques, and laws regulating controlled substances. Your affiant also completed an 80 hour course on Basic Narcotics Investigation, a 24 hour course on Criminal Interdiction training, and an 8 hour course on Concealment Traps. Your affiant also holds an AAS in Criminal Justice from Mountwest Community and Technical College.

3. Your affiant has worked in an undercover capacity in the eastern panhandle of West Virginia and as such, has covertly associated with traffickers and users of

controlled substances. As a result of these associations and specialized training, your affiant is familiar with the actions, traits, habits, and terminology utilized by traffickers and users of illegal narcotics. Your affiant is familiar with the appearance and identification of certain types of controlled substances including, but not limited to: cocaine, crack cocaine, heroin, methamphetamine and marijuana. Your affiant is also familiar with the current "street" prices of these illegal substances for "street sales."

4. It has been your affiant's experience that persons who deal in illegal narcotics derive a profit from these dealings and keep or maintain in their homes or curtilages, the residences of family members, friends, and associates, as well as their other business locations, storage areas, or in the places of operation of their drug distribution activities, such as stash houses or safe houses, and their vehicles, controlled substance paraphernalia for weighing, packaging, growing and use, including, but not limited to: scales and baggies, large amounts of cash derived from sales, finance and business records, whether or not maintained electronically or by computer, including but not limited to: books, records, receipts, notes, ledgers, journals, memoranda, address and/or telephone books, tapes, computer disks, computers relating to the transportation, ordering, purchase and distribution of controlled substances, bank statements and records, money drafts, letters of credit, money orders and cashier's check receipts, Western Union receipts, passbooks, bank checks, bank deposit tickets, safe deposit keys, precious metals, jewelry, and other items of value, and financial instruments, including but not limited to: stocks and bonds, and memoranda and other items relating to the secreting, transfer, concealment and/or expenditure of money. I know that individuals involved in narcotics distribution often maintain these records for lengthy periods of time, and often hide them in places in their homes to avoid detection. Further, these individuals who deal in illegal controlled substances often store hard copy and electronic records associated

with their illicit narcotics trafficking for long periods of time. Your affiant also has experienced that persons involved in the sale of illegal narcotics, at times, travel within and outside the United States and keep or maintain papers, tickets, notes, schedules, receipts and other items pertaining to domestic and foreign travel. It has been your affiant's experience that persons involved in trafficking illegal narcotics often possess firearms and/or other weapons to protect their interests, including protecting themselves, their narcotics, and their money. Persons involved in illegal narcotics will photograph themselves with their co-conspirators, weapons, assets, and illegal narcotics including but not limited to: cocaine, crack cocaine, heroin, methamphetamine and marijuana. Persons who reside at a residence for a period of time accumulate indicia of occupancy, including but not limited to: utility and telephone bills, canceled envelopes and keys. Individuals engaged in conspiracies to distribute controlled substances commonly maintain telephone numbers and address books or papers which reflect names, addresses, or telephone numbers for their associates in their illegal organizations. These individuals often utilize cellular telephones and telephone systems to maintain contact with the associates in their illegal business. These telephone records, bills, and numbers are often found in their place of residence, or the residences of family members, friends, or associates, in their business locations, or in the place of operation of their drug distribution activities, such as stash houses, safe houses, or storage areas.

5.  Through my training and experience, I have become familiar with the methods of operations typically utilized by individuals who distribute drugs. I know that it is common practice for drug traffickers to routinely utilize telephones, mobile phones, prepaid phones, calling cards, text messaging, counter-surveillance, false or fictitious identities, and coded communications to communicate with their customers, suppliers, and other conspirators for the purpose of insulating themselves from the detection of law enforcement. Moreover, it is not unusual

for them to initiate such mobile or prepaid phone service in the name of an associate or family member or in the name of a fictitious individual. The individuals often require the use of a telephone facility to negotiate times, places, schemes, and manners for importing, possessing, concealing, and distributing controlled substances, and for arranging the concealment of proceeds derived from the sale of controlled substances.

6. Based upon your affiant's training, experience and participation in investigations involving controlled substances, your affiant is aware that traffickers of controlled substances conceal contraband, proceeds of controlled substance sales, and records of controlled substance transaction in secure locations within their residences, businesses, residences of relatives and associates, safe deposit boxes, and/or other locations to include, but not limited to out buildings, and motor vehicles parked within the curtilage of their property, over which they maintain and control, for ready access as well as conceal these items from law enforcement authorities and drug associates.

7. Based upon your affiant's training, experience, and participation in investigations involving controlled substances, your affiant is aware that traffickers of controlled substance will also use motor vehicles to further their drug distribution activities, such as by using motor vehicles to store, conceal, and conduct drug transactions.

### Purpose of the Affidavit

8. This affidavit is made in support of an application for a warrant under Rule 41 of the Federal Rules of Criminal Procedure, authorizing Special Agents of the FBI and other local law enforcement officers to search a residence utilized by Hopeton Newman, located at 232 Whitman Ln., Inwood, WV 25428 (as further described in Attachment A).

9. Law enforcement officers of the Eastern Panhandle Drug and Violent Crimes Task Force have received information regarding involvement in the illegal distribution of controlled substances in the Berkeley and Jefferson County, WV area. Officers have been receiving information from several different sources including police officers, witnesses, and several confidential informants. The information from the different sources has been confirmed through an on-going investigation by the Task Force.

10. I have not included each and every fact known to me concerning the underlying investigation. I have set forth only the facts that I believe are essential to establish the required foundation for a search and seizure warrant as described in this affidavit. Facts not set forth herein are not being relied upon in reaching my conclusion than an order should be issued. I do not request that this Court rely upon any facts not set forth herein in reviewing this affidavit or accompanying application.

### Subjects and Offenses

11. I have participated in the investigation of the drug trafficking activities related to Armstead Craig. This investigation has revealed that Armstead Craig is selling cocaine to Hopeton Newman. Based on this investigation and the information detailed further in this investigation, your affiant believes there is probable cause to believe that Hopeton Newman is violating 21 U.S.C. § 841(a)(1), distribution of controlled substances and possession with intent to distribute controlled substances, and 21 U.S.C. § 846, conspiracy to commit drug trafficking offenses. During the transactions, Newman has operated a red Chevrolet Suburban, bearing Virginia registration WMS9295, to and from the transaction locations located in the Northern District of West Virginia. After the transactions, Newman

has traveled to a residence located in the Northern District of West Virginia at 232 Whitman Ln., Inwood, WV 25428.

## Investigative Objectives

12. There is probable cause to believe that Hopeton Newman has and is currently using the residence described at 232 Whitman Ln., Inwood, WV 25428, to store, maintain, conceal, and distribute illegal narcotics; more specifically, cocaine, a Schedule II narcotic drug, as well as the items listed in Attachment B, which are evidence of drug trafficking.

13. There is probable cause to believe that Hopeton Newman has and is currently using a red Chevrolet Suburban, Virginia registration WMS9295 and VIN 1GNFK16Z82J232348 (hereinafter referred to as "Suburban"), to transport, maintain, conceal, and distribute illegal narcotics; more specifically, cocaine, a Schedule II narcotic drug, as well as the items listed in Attachment B, which are evidence of drug trafficking.

## Facts and Circumstances

14. On or about March 2018, an investigation related to the trafficking of illegal narcotics in Berkeley County, West Virginia for distribution to residents of West Virginia's Eastern Panhandle region was opened by the Task Force.

15. On Friday, October 5, 2018, Chief Judge Groh authorized interception for **TP3** (a phone used by Armstead Craig) and **TP4** (a phone used by Nicholas Deminds) filed at Northern District of West Virginia (NDWV) case number 3:18-MJ-99.

16. On Tuesday, November 6, 2018, Chief Judge Groh authorized interception for

**TP3** (a phone used by Armstead Craig) and **TP5** (a phone used by Armstead Craig) filed at Northern District of West Virginia (NDWV) case number 3:18-MJ-103.

17. On Tuesday, December 11, 2018, Chief Judge Groh continued authorized interception for **TP3** and **TP5** filed at Northern District of West Virginia (NDWV) case number 3:18-MJ-105.

18. On Tuesday, October 16, 2018, TFOs intercepted communications over **TP3** between Hopeton Newman and Armstead Craig, wherein Newman brokered a transaction of cocaine to be purchased from Craig. Craig directed Newman to 96 Stayman Dr., Ranson, Jefferson County, WV 25430. Newman traveled to that location in the red Chevrolet Suburban and advised Craig that he was there. Craig arrived at that location and completed the transaction. TFOs followed Newman from the location to 232 Whitman Ln., Inwood, WV.

19. On Tuesday, October 16, 2018, TFOs intercepted communications over **TP3** between Newman and Craig, wherein Newman brokered another narcotics transaction of cocaine to be purchased from Craig. TFO Custer observed both Newman and Craig meet to complete the above transaction at Save-A-Lot located at 130 Augustine Ave., Charles Town, Jefferson County, WV 25414. TFO Custer then followed Newman's Suburban from the transaction location to 232 Whitman Ln., Inwood, WV 25428.

20. On Thursday, October 18, 2018, TFOs intercepted communications over **TP3** between Newman and Craig, wherein Newman brokered a narcotics transaction of cocaine to be purchased from Craig. Newman advised that he would be in the Inwood, WV area and requested the transaction occur there. TFO Sgt. Zollinger observed Newmans' Suburban in the Sheetz parking lot located at 7899 Winchester Ave., Inwood, WV 25428. Sgt. Zollinger observed the surveillance

video from that store.  Sgt. Zollinger observed Craig meet with Newman near the gas pumps on the video.  Sgt. Zollinger located Newman's vehicle parked at 232 Whitman Ln., Inwood, WV following the transaction with Craig.

21. On Friday, October 19, 2018, TFOs intercepted communications over **TP3** between Newman and Craig, wherein Newman brokered a narcotics transaction of cocaine to be purchased from Craig.  TFO F/Sgt. Olack observed Newman's Suburban at the Liberty Gas Station located at 4859 Gerrardstown Rd., Inwood, WV.  F/Sgt. Olack observed Newman and Craig meet at the Dollar General located at 526 Middleway Pike, Inwood, WV.  F/Sgt. Olack then observed Newman enter the residence of 232 Whitman Ln., Inwood, WV following the transaction.

22. On Tuesday, November 27, 2018, TFOs intercepted communications over **TP3** between Newman and Craig, wherein Newman brokered a narcotics transaction of cocaine to be purchased from Craig.  Newman advised that he would be in the Inwood, WV area and requested the transaction occur there.  TFO Cpl. Boyles observed Craig's white Nissan Pathfinder arrive at Sheetz, located at 7899 Winchester Ave., Inwood, WV 25428, and park at the gas pumps closest to Winchester Ave.  Cpl. Boyles then observed Newman's Suburban pull into the Sheetz parking lot.  Craig's and Newman's vehicles left the lot and headed East on Middleway Pike.  Cpl. Boyles was unable to follow due to traffic.  Cpl. Boyles located Newman's vehicle parked at 232 Whitman Ln., Inwood, WV following the transaction with Craig.

23. On Friday, November 30, 2018, TFOs intercepted communications over **TP3** between Newman and Craig, wherein Newman broker a narcotics transaction of cocaine to be purchased form Craig.  Newman and Craig arranged a meeting location at the Dollar General, located at 526 Middleway Pike, Inwood, WV. TFOs did not observe the transaction, but observed Craig's GPS pings travel

8

from the area of his residence into the Inwood, WV area. Following the transaction, TFO Sgt. J. Bowman observed Newman's Suburban parked at 232 Whitman Ln., Inwood, WV.

24. On Wednesday, December 12, 2019, TFOs intercepted communications over **TP3** between Newman and Craig. Newman ordered approximately one (1) ounce of cocaine and/or cocaine base. The drug transaction was completed at Dollar General, located at 4735 Middleway Pike, Kearneysville, WV 25430. TFO Sgt. J. Bowman was able to observe Craig and the Chevy Suburban, historically operated by Newman, meet at that location. After the drug transaction was complete, Newman traveled West on Middleway Pike. Sgt. J. Bowman observed the Suburban turn South onto Whitman Ln. and travel towards 232 Whitman Ln.

25. As a result of this investigation, your affiant is now requesting a search warrant be issued to search the Chevrolet Suburban, bearing Virginia registration WMS9295, and the residence located at 232 Whitman Ln. in Inwood, Berkeley County, West Virginia and any out buildings, sheds and curtilage. I submit that the Chevrolet Suburban has been used to transport cocaine, and possible other controlled substances, in the Northern District of West Virginia. I submit that 232 Whitman Ln, Inwood, WV, is a depot for the storage of cocaine, and possible other controlled substances, as well as for breaking larger quantities of cocaine down into smaller packages for resale purposes.

## Conclusion

26. The facts and circumstances stated herein establish probable cause that Hopeton Newman is engaged and will continue to be engaged in the commission of the distribution of and possession with intent to distribute cocaine, and the search of the residence at 232 Whitman Ln., Inwood, WV, will result in the

9

acquisition of sufficient relevant evidence of the commission of these offenses.

27. Your affiant believes that failure to maintain the confidentiality of the ongoing investigation would jeopardize the use of information already obtained in the investigation and would impair the continuation of the investigation, wherefore, Corporal M.S. Armel respectfully petitions that this Honorable Court seal the attached application for this search and seizure warrant until the appointed court orders the release of this affidavit.

### Oath

The information in this affidavit is true to the best of my knowledge and belief.

_____
TFO M.S. Armel, Deputized Special Federal Officer
Federal Bureau of Investigation

Sworn to and subscribed to me this __3rd__ day of December, 2018.

_____
Robert W. Trumble
United States Magistrate Judge

10